UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| BRIAN CAMUEL, | ) |
| | ) |
| Plaintiff, | ) Civil Case No. 5:17-cv-495-JMH |
| | ) |
| V. | ) |
| | ) |
| THE KROGER COMPANY, | ) **MEMORANDUM OPINION & ORDER** |
| | ) |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon Defendant's Motion to Dismiss [DE 5] Plaintiff's claims for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).[1] Plaintiff, pro se, has filed Response, and Defendant has filed a Reply in further support of its motion. [DE 8 and 9.] For the reasons stated below, Plaintiff's claims shall be dismissed.

I.

Plaintiff Camuel was employed by Defendant and generally worked four to five hours a day in the Murray Cheese Shop in one of Defendant's stores beginning on September 4, 2015. He worked mostly morning shifts, but he also filled in on Friday evenings for a period of time. As time passed, he began to experience back pain and underwent back surgeries, which limited his availability

---

[1] Plaintiff has identified Defendant as the Kroger Company [DE 1], and Defendant has identified itself as Defendant Kroger Limited Partnership I. [*See* DE 5 at 1; Page ID #: 30.] Regardless of the proper name for Defendant, the way forward is clear.

to work. Then, things began to go wrong. On the morning of March 10, 2017, Plaintiff opened the cheese shop, but he avers there was a "miscommunication" about whether he was supposed to work in the morning or evening that day. He then had to leave work during his scheduled shift on Tuesday, March 14, 2017, due to his back pain. Following that, he avers that he obtained a doctor's note limiting him to one day of work a week, and he asked to work on Monday mornings only, from 6 a.m. to 11 a.m. His supervisor advised him that the schedule did not have a shift that accommodated Plaintiff's availability. Plaintiff requested the shift again, but his request was denied. His employment was terminated at some point after April 3, 2017.

Meanwhile, on March 21, 2017, Plaintiff filed a charge with the EEOC alleging disability discrimination. In his Complaint, he avers that he received his notice of right-to-sue "on or about July 2017." Plaintiff filed his Complaint in this matter alleging "wrongful termination and disability discrimination" on November 27, 2017. He attached a notice of right-to-sue dated July 7, 2017, to his Complaint. He also attached, but did not explain, a second right-to-sue letter to his Complaint, which was dated August 21, 2017.

II.

To survive a motion to dismiss, a plaintiff must raise his claim above a speculative level and demonstrate "a claim to relief

that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's allegations must be sufficient to raise his or her claims above a speculative level. *Id*. at 555. Neither "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" nor "the mere possibility of misconduct" is sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). This is no less true when a plaintiff is proceeding pro se. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). In ruling on a Motion to Dismiss, "the court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss . . . ." *Johnson v. Metro Gov't of Nashville & Davidson Cnty.*, 502 F. App'x 523, 542 (6th Cir. 2012) (quoting Moore's Federal Practice § 12.34).

III.

Having considered the matter carefully, Plaintiff's federal discrimination claims under the Americans with Disabilities Act are out of time. "The ADA incorporates the powers, remedies, and procedures applicable to employment discrimination actions under Title VII. *See* 42 U.S.C. § 12117. Under Title VII and, thus, under the ADA, a plaintiff must commence his civil action within 90 days of receiving a right-to-sue letter from the EEOC. *See* 42 U.S.C. §

2000e-5(f)(1)." *Garrett v. Weyerhaeuser Co.*, No. 98-1424, 1999 WL 777652, *1, 191 F.3d 452 (6th Cir. Sept. 17, 1999).

Plaintiff avers that he received his first right-to-sue letter from the EEOC "on or about July 2017" and there is a second right to sue letter dated August 21, 2017. (Complaint, Doc. No. 1-1, PageID 11.) Even if the court counts the days from the later of the two dates, August 21, and accounts for three days of time for mailing under Federal Rule of Civil Procedure 6, as Plaintiff urges, his Complaint was not filed until November 27, 2017, more than 90 days later. The ninetieth day, using his proposed calculation, was Wednesday November 22, 2017, which was neither a weekend nor a holiday. Thanksgiving, the holiday upon which Plaintiff relies to extend his time did not fall until Thursday, November 23, 2017. It follows that Plaintiff's statute for limitations for raising federal claims expired before he filed his complaint, and those claims must be dismissed as untimely. *Garrett*, 1999 WL 777652 at *1; *Johnson*, 502 F. App'x at 542; *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 36-37 (2d Cir. 2011).

Further, Plaintiff has not averred facts which would sustain a claim for disability discrimination under the Kentucky Civil Rights Act ("KCRA") because he has not averred that he was qualified for his position. Plaintiff has alleged no facts

supporting the claim that he is qualified for his job when he can work only about 25 to 33 percent of his previous schedule. *Denczak v. Ford Motor Co.*, 215 F. App'x 442, 445 (6th Cir. 2007) (citing 29 C.F.R. § 1630.2(n)(2)(i) (an employee who can "satisfy just 35% of the quote comes up short in performing an essential function of the job"). Even if the Court accepts that he was qualified in the broadest sense, he has not averred that he requested a reasonable accommodation that Defendant failed to provide. *See Johnson v. Cleveland City Sch. Dist.*, 443 F. App'x 974, 982–83 (6th Cir. 2011). He avers only that his availability had become significantly reduced, to Monday mornings only ("I changed my availability in the computer, which I changed to Mondays saying I'm available from 6am to 11am . . . ."), and has not averred facts to support a conclusion that his requested shift, if the Court can even assume that would qualify as a requested accommodation, was available.

On the facts before the Court, the Court agrees with Defendant: The law does not require Defendant to create a job for Plaintiff. *Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 870 (6th Cir. 2007) ("Generally, an ADA plaintiff bears the initial burden of proposing an accommodation and showing that that accommodation is objectively reasonable.") (quotation marks and citation omitted); *Coulson v. The Goodyear Tire & Rubber Co.*, 31 F. App'x 851, 857 (6th Cir. 2002) ("Since [the plaintiff] failed

to offer proof that there were currently available positions for which he was qualified, he cannot prevail.").

IV.

Finally, Kentucky law does not recognize a claim for common law wrongful discharge because the KCRA preempts any pre-existing cause of action, *Grzyb v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985); *Kroger Co. v. Buckley*, 113 S.W.3d 644, 646 (Ky. App. 2003) (finding KCRA preempts claim for intentional infliction of emotional distress based on alleged disability discrimination), and his claim for wrongful termination will be dismissed.

Accordingly, **IT IS ORDERED** that Defendant's Motion to Dismiss [DE 5] is **GRANTED**.

This the 28th day of September, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge