UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| BRIAN CAMUEL, | ) |
| | ) |
|     Plaintiff, | ) Civil Case No. 5:17-cv-495-JMH |
| | ) |
| V. | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| THE KROGER COMPANY, | ) |
| | ) |
|     Defendant. | ) |

\*\*\*     \*\*\*     \*\*\*     \*\*\*

The Court evaluates a motion to reconsider a final order or judgment as a motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59. *See Keith v. Bobby*, 618 F.3d 594, 598 (6th Cir. 2010) (citing *Intera Corp. v. Henderson*, 428 F.3d 605, 611 (6th Cir. 2005)); *Lonardo v. Travelers Indem. Co.*, 706 F. Supp.2d 766, 808 (N.D. Ohio 2010). A court may grant a Rule 59(e) motion if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in the law; or (4) a need to prevent manifest injustice. *See Intera Corp.*, 428 F.3d at 620 (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)); *see also Lonardo,* 706 F. Supp.2d at 808-09.

Plaintiff's Motion to Reconsider [DE 12; Response at DE 13] the Court's September 28, 2018 Memorandum Order and Opinion Judgment [DE 10 and 11] does nothing more than reargue his previous response to the Defendant's Motion to Dismiss.  He does not identify a clear error of law, newly discovered evidence, an

intervening change in the law, or a need to prevent manifest injustice that would merit reconsideration.

Accordingly, Plaintiff's Motion to Reconsider [DE 12] is **DENIED**.

This the 17th day of January, 2019.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge